Argued at Pendleton May 3, affirmed June 3, 1966

PATTERSON *v.* KIRSCH ET AL

415 P. 2d 168

*Ronald L. Bryant,* Redmond, argued the cause for appellants. On the briefs were Copenhaver & Larkin and Joseph Larkin, Redmond, and Charles E. Boardman, Bend.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf & Spears, Herbert H. Anderson and Wayne Hilliard, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

## SLOAN, J.

By complaint and counterclaim each party charged the other with the breach of a logging contract they

had entered into. At the trial all of the conflicting claims of failure to perform were submitted to the jury. The verdict awarded damages to plaintiffs. Defendants appeal from the judgment entered on the verdict. The named plaintiff is the receiver for the partnership, The Kanna Bros. Logging Co., which was one of the parties to the contract. When we use the word plaintiffs we will refer to the partnership, not the receiver.

In July, 1962, defendants entered into a contract with the Confederated Tribes of Warm Springs Indians to buy certain timber from the Tribe, to build certain logging roads, and to post a bond with the Department of Indian Affairs to assure performance of the contract. In August, 1962, defendants subcontracted the logging operation to plaintiffs. The contract between plaintiffs and defendants specified the amount of logs to be removed, the dates and basis of payment, and that plaintiffs would build the logging road mentioned in defendants contract with the Confederated Tribes. Plaintiffs were obligated to post a performance bond to assure the building of the road.

Plaintiffs started performance and cut and decked a large amount of timber during the fall of 1962. They did not post the bond and did not complete the road by the date specified in the contract. In this action defendants claim that the failure to post the bond and to build the road were material breaches of the contract and serve as a bar to any recovery by plaintiffs. Defendants counterclaimed for damages they alleged were incurred by plaintiffs' failures.

Plaintiffs countered these claims of non-performance by saying that posting the bond was waived and that their failure to build the road was caused by defendants' refusal to pay as the contract provided.

Plaintiffs made other allegations of non-performance on the part of defendants, each of which was claimed to have prevented plaintiffs from performing their contractual obligations.

All of these issues in the pleadings were submitted to the jury by complete and careful instructions which explained to the jury the terms of the contract and the obligations of each party and left it to the jury to decide which party was guilty of the breach that led to the termination of the contract. No challenge is made to the meaning or legal sufficiency of these instructions.

Defendants' several assignments resolve into a claim that the court should have ruled as a matter of law that plaintiffs violated the contract and that defendants did not.

Typically, defendants say the trial court should have directed a verdict because plaintiffs did not file the bond. They cite several blackletter statements of the law of contracts about the duty to perform and several well recognized statements that waiver is generally defined as an intentional relinquishment of a known right. The statements of law are unquestioned. However, the jury was required to sift the evidence and decide if defendants had waived the requirement. There was fairly positive evidence that they did. But the jury had to decide the question. *Cross v. Campbell*, 1944, 173 Or 477, 146 P2d 83.

The conflicting claims of the complaint and counterclaims were explained to the jury in comprehensive and understandable terms. Further exposition is unnecessary to hold that the judgment is affirmed.